Reno Capital, LLC v Alvillar (2024 NY Slip Op 51202(U))

[*1]

Reno Capital, LLC v Alvillar

2024 NY Slip Op 51202(U)

Decided on August 30, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 30, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., MARINA CORA MUNDY, LISA S. OTTLEY, JJ

2023-630 K C

Reno Capital, LLC, Appellant,
against
Stella Tranquilina Alvillar, Also Known as Estella Castanadeos, Respondent, et al., Undertenants. 

Borah, Goldstien, Altschuler, Schwartz & Nahins (Paul N. Gruber of counsel), for appellant.
Communities Resist (Adam Meyers and Daisy Fernandez [Law Student] of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Tashanna Golden, J.), dated May 3, 2023. The order, insofar as appealed from as limited by the notice of appeal, granted tenant's motion for summary judgment dismissing the petition in a nonpayment summary proceeding.

ORDERED that the order, insofar as appealed from, is affirmed, without costs.
In this nonpayment proceeding, tenant moved for summary judgment dismissing the petition and landlord cross-moved for summary judgment. The court granted tenant's motion and denied landlord's cross-motion, finding that, "[d]espite an order from DHCR determining Respondent is in fact a rent stabilized tenant, there was no lease agreement between the parties in effect when this matter was commenced, nor is there one now," and noting that "both parties concede that no rent has ever been paid by the Respondent to the Petitioner." Landlord appeals, as limited by the notice of appeal, from so much of the order as granted tenant's motion. 
"It is well settled that a nonpayment proceeding lies only where there is a landlord-tenant relationship between the parties and there has been a default 'in the payment of rent, pursuant to the agreement under which the premises are held' " (329 Union Bldg. Corp. v. LoGuidice, 47 Misc 3d 1, 6—7 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015] [emphasis added], quoting RPAPL 711 [2]). It is uncontested that tenant's rent-stabilized lease with the prior landlord expired several years prior to the commencement of this proceeding and that the lease has not been renewed. Landlord has not alleged or proved that tenant is in possession of the subject apartment pursuant to any agreement to pay rent. Under these circumstances, contrary to landlord's argument, no nonpayment proceeding lies (see 265 Realty, LLC v Trec, 39 Misc 3d 150[A], 2013 NY Slip Op 50974[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]).
Accordingly, the order, insofar as appealed from, is affirmed. 
TOUSSAINT, P.J., MUNDY and OTTLEY, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 30, 2024